**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **LILLIAM MATAMOROS, and similarly situated individuals,**<br><br>Plaintiffs,<br><br>vs.<br><br>**MAGIC TOUCH PROFESSIONAL CLEANING LLC, and DAVID PEREZ, individually**<br><br>Defendants. | **COLLECTIVE ACTION COMPLAINT**<br><br>**Jury Trial Demanded**<br><br>Civil Action No.: |

Plaintiff, LILLIAM MATAMOROS ("Matamoros" or "Plaintiff"), on behalf of herself and all others similarly situated (collectively "Plaintiffs"), by and through her attorneys, upon personal knowledge as to herself and upon information and belief as to other matters, brings this Collective Action Complaint against Defendants MAGIC TOUCH PROFESSIONAL CLEANING LLC, ("Defendant" or "Magic Touch") and DAVID PEREZ, individually ("Perez") (collectively "Defendants"), and alleges as follows:

## INTRODUCTION

1.      Plaintiff brings this lawsuit seeking recovery against Defendants for Defendants' violation of the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 et. seq. and the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a et seq. ("NJWHL").

2.      Plaintiff brings this lawsuit against Defendants as a collective action on behalf of herself and all other persons similarly situated – non-exempt cleaners– who suffered damages as

a result of Defendants' violations of the FLSA pursuant to the collective action provisions of 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and by 29 U.S.C. § 216(b).

4.      This Court has subject matter jurisdiction over Plaintiff's NJWHL claims pursuant to 28 U.S.C. §§ 1332 and 1367.

5.      Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6.      At all times material hereto, Plaintiff performed non-exempt cleaning duties for the Defendants in New Jersey and based from Defendants' location in Paterson, Passaic County, NJ. Defendants are therefore within the jurisdiction and venue of this Court.

7.      At all times pertinent to this Complaint, the Defendant Magic Touch, is an enterprise engaged in interstate commerce or in the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s).  More specifically, Defendants own and operate a cleaning company. Defendants routinely clean commercial buildings throughout the tri state area, utilizing the channels of interstate commerce. Defendants further routinely accept credit card payments, which involves interstate banking and financing.  Alternatively, Plaintiff and those similarly situated employees worked in interstate commerce, i.e., using the tools and products which have moved through interstate channels so as to produce an end product for Defendants' consumers. Thus, Defendants and Plaintiff and those similarly situated employees fall within the protections of the Act.

2

## PARTIES

8.      Plaintiff Matamoros is an adult individual who is a resident of Jersey City, Hudson County, New Jersey.

9.      Plaintiff Matamoros was employed by Defendants as a full time cleaner, performing cleaning duties, from in or about May, 2014, until approximately June 29, 2017.

10.     Upon information and belief, the Defendants own and/or maintain a cleaning company throughout the tri state area.

11.      Upon information and belief, the Defendant Magic Touch, is headquartered in Paterson, Passaic County, New Jersey.

12.     Upon information and belief, at all times relevant to this Complaint, the Defendant, Magic Touch, employs individuals to perform labor services on behalf of the Defendants. Upon information and belief, at all times relevant to this Complaint, the Defendant Magic Touch's annual gross volume of sales made or business done was not less than $500,000.00.

13.     At all times relevant to this Complaint, the Defendant Magic Touch was and is an employer engaged in commerce under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

14.     Upon information and belief, Individual Defendant Perez is a New Jersey state resident.

15.     Upon information and belief, at all times relevant to this Complaint, individual Defendant Perez has been an owner, partner, officer and/or manager of the Defendant Magic Touch.

3

16.     Upon information and belief, at all times relevant to this Complaint, individual Defendant Perez has had power over personnel decisions at the Defendant Magic Touch's business.

17.     Defendant Perez was present at the Magic Touch premises every day, and managed the day to day operations, controlled the employees, pay practices and had the power to change same, as well as the power to hire and fire employees, set their wages, and otherwise control the terms of their employment.

## FACTS

18.     Based upon the information preliminarily available, and subject to discovery in this cause, the Defendants did not properly compensate Plaintiff, and those similarly situated employees, for both the minimum wage and for the overtime hours worked in a work week.

19.     Plaintiff Matamoros was paid a salary each and every work week, regardless of the number that she worked.

20.     Plaintiff Matamoros was paid $25.00 per week.

21.     Plaintiff Matamoros usually worked from Monday through Friday, however, she worked one Sunday every other month.

22.     Plaintiff Matamoros routinely worked approximately thirty-five (35) to forty (40) hours per week.  On Sundays, she worked approximately eighteen (18) hours.

23.     Upon information and belief, employees similarly situated to Plaintiff, were also deprived of pay for those hours worked in excess of forty (40) in a workweek.

24.     Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA and NJWHL, as described in this Complaint.

25.     At all times material hereto, Plaintiff and all similarly situated employees were performing their duties for the benefit of and on behalf of Defendants.

26.     This cause of action is brought to recover from Defendants overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees under the provisions of 29 U.S.C. §216(b), as well as applicable provisions of NJWHL, on behalf of Plaintiff and all other current and former employees similarly situated during the material time.

27.     The records, if any, concerning the number of hours worked by Plaintiff and all other similarly situated employees as Plaintiff, are in the possession and custody of Defendants.

28.     The records, if any, concerning the compensation actually paid to Plaintiff and all other similarly situated employees, are in the possession and custody of Defendants.

29.     At all times pertinent to this complaint, Defendants failed to comply with Title 29 U.S.C. §§ 201-209, as well as applicable provisions of the NJWHL, in that Plaintiff and those similarly situated employees performed services and labor for Defendants for which Defendants made no provision to pay Plaintiff and other similarly situated employees compensation to which they were lawfully entitled for all of the hours worked in excess of forty (40) within a work week.

30.     The additional persons who may become Plaintiffs in this action are Defendants' non-exempt employees who have worked overtime hours in one or more work periods, on or after August 7, 2014, and were not properly compensated for hours all hours in a workweek at the minimum wage and/or worked in excess of forty (40) within a workweek.

31.     Plaintiff has retained the law office of Jaffe Glenn Law Group, P.A. to represent her individually and has incurred attorneys' fees and costs in bringing this action.  Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recovery of reasonable attorneys' fees and costs.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE FLSA

32.     Plaintiff re-alleges, and incorporates here by reference, all allegations contained in Paragraphs 1 through 31 above.

33.     Plaintiff is entitled to be paid additional compensation for each of her overtime hours worked per work period.

34.     All similarly situated employees of the Defendants are similarly owed their overtime rate for each and every overtime hour they worked and were not properly paid.

35.     Defendants knowingly and willfully failed to pay Plaintiff and the other similarly situated to them at one and one-half times their regular rate of pay for all of their overtime worked in a work week.

36.     By reason of the said intentional, willful, and unlawful acts of Defendants, Plaintiff and those similarly situated employees have suffered damages plus incurring costs and reasonable attorneys' fees.

37.     As a result of Defendants' willful violations of the Act, Plaintiff and those similarly situated employees are entitled to liquidated damages.

## COUNT II
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE NJWHL

38.     Plaintiff re-alleges and incorporates here by reference, all allegations contained in Paragraphs 1 through 37 above.

39.     Defendants' aforementioned conduct is in violation of the NJWHL.

40.     As a direct and proximate cause of Defendants' actions, Plaintiff and those similarly situated employees suffered damages, including but not limited to past lost earnings.

**COUNT III**
**RECOVERY OF MINIMUM WAGE COMPENSATION**
**PURSUANT TO THE FLSA**

41. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in Paragraphs 1 through 40 above.

42. Plaintiff  is entitled to be paid additional compensation for each of she hours he worked for the minimum wage for hours worked per work week.

43. All similarly situated employees of the Defendants are also owed their minimum wages for each and every hour they worked and were not properly paid.

44. Defendants knowingly and willfully failed to pay Plaintiff and other similarly situated to them, the minimum wage for their hours worked in a work week

45. By reason of the said intentional, willful, and unlawful acts of the Defendants Plaintiff and those similarly situated employees have suffered damages plus incurring costs and reasonable attorneys' fees.

46. As a result of Defendants' willful violations of the Act, Plaintiff and those similarly situated employees are entitled to liquidated damages.

**COUNT IV**
**RECOVERY OF MINIMUM WAGE COMPENSATION**
**PURSUANT TO THE NJWHL**

47. Plaintiff repeats and realleges the allegations set forth in the proceeding paragraphs.

48. Pursuant to New Jersey Statutes §§ 34:11-56a4 et seq., every employer shall pay to each of his employees wages at a rate of not less than the minimum wage.

49. In violation of New Jersey Statutes §§ 34:11-56a4 et seq., the Defendants willfully failed to pay the Plaintiff and other members of the putative class their statutorily

required minimum wage compensation for all they hours worked up to forty (40) hours a week for the Defendants.

## JURY TRIAL

50. Plaintiff and similarly situated employees demand a jury trial.

WHEREFORE, Plaintiff and the putative class demand judgment:

(1) on their first cause of action, against Defendants in an amount to be determined at trial, plus liquidated damages as permitted under the FLSA in an amount equal to the amount of unpaid wages, interest, attorneys' fees and costs;

(2) on their second cause of action, against Defendants in an amount to be determined at trial, plus liquidated damages as permitted under the NJWHL in an amount equal to the amount of unpaid wages, interest, attorneys' fees and costs; (3) on their third cause of action, in an amount to be determined at trial, plus interest,

attorneys' fees and costs;

(4) on their third cause of action, against Defendants in an amount to be determined at trial, plus liquidated damages as permitted under the FLSA in an amount equal to the amount of unpaid wages, interest, attorneys' fees and costs;

(5) on their fourth cause of action, against Defendants in an amount to be determined at trial, plus liquidated damages as permitted under the NJWHL in an amount equal to the amount of unpaid wages, interest, attorneys' fees and costs;

(5) any other and further relief the Court may deem appropriate.


Dated: August 7, 2017                    Respectfully submitted,

                                          s/ Andrew I. Glenn_____
                                         Andrew I. Glenn, Esquire

E-mail:  AGlenn@JaffeGlenn.com
New Jersey Bar No.:  026491992
Jodi J. Jaffe, Esquire
E-mail: JJaffe@JaffeGlenn.com
New Jersey Bar No.: 022351993
**JAFFE GLENN LAW GROUP, P.A.**
301 N. Harrison Street, Suite 9F, #306
Princeton, New Jersey 08540
Telephone: (201) 687-9977
Facsimile: (201) 595-0308
*Attorneys for Plaintiff*